FILED

2009 NOV 18 PM 12: 30

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LIBERTY MUTUAL INSURANCE COMPANY,
a Massachusetts corporation, and LIBERTY
MUTUAL FIRE INSURANCE COMPANY,
a Wisconsin corporation,

     Plaintiffs,

v.

ZEMEX CORPORATION, a Delaware corporation;
ALUMITECH, INC., a Georgia corporation;
ALUMITECH OF CLEVELAND, INC., a Delaware
corporation; ALUMITECH OF WABASH, INC.,
an Indiana corporation; ALUMITECH OF WEST
VIRGINIA, INC., a Delaware corporation; ATW
PROPERTIES, INC., a Florida corporation; ETS
SCHAEFER CORPORATION, an Ohio corporation;
LONGHORN HOLDINGS, INC., a Nevada corporation;
SUZORITE MINERAL PRODUCTS, INC., a Delaware
corporation; THE FELDSPAR CORPORATION, a
North Carolina corporation; ZEMEX ATTAPULGITE, LLC,
a Georgia limited liability company; ZEMEX MICA
CORPORATION, a North Carolina corporation, and
KINGS MOUNTAIN MINING, LLC, a Delaware limited
liability company,

     Defendants.
_____/

CASE NO.

3:09-cv-1133-J-32 HTS

## COMPLAINT

Plaintiffs, Liberty Mutual Insurance Company (Liberty Mutual) and Liberty Mutual Fire Insurance Company (Liberty Fire), sue Defendants, Zemex Corporation (Zemex); Alumitech, Inc. (Alumitech); Alumitech of Cleveland, Inc. (Cleveland); Alumitech of Wabash, Inc. (Wabash); Alumitech of West Virginia, Inc. (West Virginia); ATW Properties, Inc. (ATW); ETS Schaefer Corporation (ETS); Longhorn Holdings, Inc. (Longhorn); Suzorite Mineral Products, Inc. (Suzorite); The Feldspar Corporation (Feldspar); Zemex Attapulgite, LLC (Attapulgite);

1

Zemex Mica Corporation (Mica), and Kings Mountain Mining, LLC (Kings), and say:

### I. Jurisdiction and Parties

1. This is an action for damages exceeding $75,000.00 exclusive of interest, costs and attorneys' fees, and is within the jurisdiction of this Court pursuant to 28 USCA Section 1332.

2. Liberty Mutual is a Massachusetts corporation licensed and registered to do business in Florida as a foreign corporation, whose principal place of business is in Boston, Massachusetts.

3. Liberty Fire is a Wisconsin corporation licensed and registered to do business in Florida as a foreign corporation, whose principal place of business is in Boston, Massachusetts.

4. Zemex is a Delaware corporation whose principal place of business is in Ontario, Canada.

5. Alumitech is a Georgia corporation whose principal place of business is in Roswell, Georgia.

6. Cleveland is a Delaware corporation whose principal place of business is in Independence, Ohio.

7. Wabash is an Indiana corporation whose principal place of business is in Beachwood, Ohio.

8. West Virginia is a Delaware corporation whose principal place of business is in Macedonia, Ohio.

9. ATW is a Florida corporation whose principal place of business is in Neptune Beach, Florida.

10. ETS is an Ohio corporation whose principal place of business is in Cleveland, Ohio.

11. Longhorn is a Nevada corporation whose principal place is in Las Vegas, Nevada.

12. Suzorite is a Delaware corporation whose principal place of business is in Benwood, West Virginia.

13. Feldspar is a North Carolina corporation whose principal place of business is in Roswell, Georgia.

14. Attapulgite is a Georgia limited liability company whose principal place of business is in Atlanta, Georgia.

15. Mica is a North Carolina corporation whose principal place of business is in Atlanta, Georgia.

16. Kings is a Delaware limited liability company whose principal place of business is in Atlanta, Georgia.

17. This Court has jurisdiction of this matter and these parties pursuant to 28 USC Section 1332. Venue in this District is proper pursuant to 28 USC Section 1391(a)(2).

## II. General Allegations

18. On 1 October 2004, Liberty Mutual issued workers compensation and employers liability policy number WC1-151-281139-054 (the 054 policy) to all defendants except Kings. A true copy of the 054 policy is attached as exhibit 1.

19. On 1 October 2005, Liberty Fire renewed the 054 policy as workers compensation and employers liability policy number WC2-151-281139-055 (the 055 policy) and issued the 055 policy to all defendants. A true copy of the 055 policy is attached as exhibit 2.

20. The 054 and 055 policies are retrospectively rated pursuant to their retrospective premium endorsements which provide for annual retrospective premium adjustments.

21. On or about 1 April 2009, Liberty Mutual made the fourth retrospective adjustment pursuant to the 054 policy and determined that an additional $294.00 in retrospective premium is due.

22. On or about 1 April 2009, Liberty Fire made the third retrospective adjustment pursuant to the 055 policy and determined that an additional $80,802.00 is due.

23. Liberty Mutual and Liberty Fire have demanded payment of the outstanding obligations.

24. Defendants have failed and refused to pay in full or in part the outstanding obligations.

25. Liberty Mutual and Liberty Fire have performed all of the obligations required of them pursuant to the policies at issue and law.

26. All conditions precedent have been performed or waived, or have occurred.

## COUNT I

27. Liberty Mutual realleges paragraphs 1 through 15; 17-18; 20-21, and 23-26 and incorporates them by reference as if they were here reiterated.

28. The 054 policy is a contract of insurance that contains the respective rights and responsibilities of Liberty Mutual, as insurer, and Zemex; Alumitech; Cleveland; Wabash; West Virginia; ATW; ETS; Longhorn; Suzorite; Feldspar; Attapulgite, and Mica (the 054 insureds) as insureds.

29. Liberty Mutual contracted to, and did, provide insurance coverage pursuant to the 054 policy. In return, the 054 insureds agreed to promptly pay all retrospective premium due Liberty Mutual.

30. The 054 policy provides that each insured is responsible for the payment of all retrospective premium.

31. The 054 insureds have breached their contract of insurance with Liberty Mutual by failing pay retrospective premium as agreed and, as a result, Liberty Mutual has been damaged in the amount of $294.00 that remains due and owing pursuant to the 054 policy.

WHEREFORE, Plaintiff, Liberty Mutual Insurance Company, requests judgment against Defendants, Zemex Corporation; Alumitech, Inc.; Alumitech of Cleveland, Inc.; Alumitech of Wabash, inc.; Alumitech of West Virginia, Inc.; ATW Properties, Inc.; ETS Schaefer Corporation; Longhorn Holdings, Inc.; Suzorite Mineral Products, Inc.; The Feldspar Corporation; Zemex Attapulgite, LLC, and Zemex Mica Corporation, for principal damages of $294.00; interest; costs, and other relief deemed appropriate.

### COUNT II

32. Liberty Fire realleges paragraphs 1 through 17; 19-20, and 22-26 and incorporates them by reference as if they were here reiterated.

33. The 055 policy is a contract of insurance that contains the respective rights and responsibilities of Liberty Fire, as insurer, and Zemex; Alumitech; Cleveland; Wabash; West Virginia; ATW; ETS; Longhorn; Suzorite; Feldspar; Attapulgite; Mica, and Kings (the 055 insureds) as insureds.

34. Liberty Fire contracted to, and did, provide insurance coverage pursuant to the 055 policy. In return, the 055 insureds agreed to promptly pay all retrospective premium due Liberty Fire.

35. The 055 policy provides that each insured is responsible for the payment of all retrospective premium.

36. The 055 insureds have breached their contract of insurance with Liberty Fire by failing pay retrospective premium as agreed and, as a result, Liberty Fire has been damaged in the amount of $80,802.00 that remains due and owing pursuant to the 055 policy.

WHEREFORE, Plaintiff, Liberty Mutual Fire Insurance Company, requests judgment against Defendants, Zemex Corporation; Alumitech, Inc.; Alumitech of Cleveland, Inc.; Alumitech of Wabash, Inc.; Alumitech of West Virginia, Inc.; ATW Properties, Inc.; ETS Schaefer

Corporation; Longhorn Holdings, Inc.; Suzorite Mineral Products, Inc.; The Feldspar Corporation; Zemex Attapulgite, LLC; Zemex Mica Corporation, and Kings Mountain Mining, LLC, for principal damages of $80,802.00; interest; costs, and other relief deemed appropriate.

Respectfully submitted,                                    DATED 19 October 2009

_____
Michael R. Morris
FBN 70254
Morris & Morris, P.A.
777 South Flagler Drive
Suite 800- West Tower
West Palm Beach, FL 33401
Tel. 561.838.9811; Fax. 561.828.9351
mrmorris@morris-morris.com

# EXHIBITS

# FILED SEPARATELY

# NOT SCANNED